**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TIMOTHY WISE, ADC # 100788                                        PETITIONER

v.                                        5:12-cv-00355-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

On November 15, 2007, Mr. Wise pled guilty to first degree battery in the Pulaski County Circuit Court.  He was sentenced to twenty (20) years in the Arkansas Department of Correction.  (Doc. Nos. 3 at 1-2; 6-1.)

Because he pled guilty, he had no right to appeal.  But on January 14, 2008, Mr. Wise filed a Rule 37 petition alleging that his counsel was ineffective for not challenging the validity of his arrest.  (Doc. No. 6-2.)  The Court dismissed his petition on May 2, 2008, stating, "The Rule 37 petition filed January 14, 2008, was timely, but was not accompanied by an affidavit complying with Criminal Procedure Rule 37.2(c).  The defendant did not swear to the truth of the statements in the document as required by Criminal Procedure Rule 37.2(c), and is therefore invalid."  (Doc. No. 6-3 at 1.)  Mr. Wise then filed a petition for a

2

writ of error *coram nobis* (Doc. No. 6-4) and this too was dismissed as improperly filed. (Doc. No. 6-5.)  Finally, on October 2, 2009, Mr. Wise filed a Petition for Declaratory Judgment and Writ of Mandamus in the Circuit Court of Jefferson County, Arkansas, again claiming that his guilty plea was involuntary.  (Doc. No. 6-6 at 4-15.)  The circuit court denied his petition on October 1, 2010, (*Id.* at 54-55) and the Arkansas Supreme Court affirmed on September 15, 2011, holding that Mr. Wise's claim was not cognizable in a petition for declaratory relief.  (Doc. No. 6-10.)

In his Petition for Writ of Habeas Corpus (Doc. No. 2), Mr. Wise alleges his guilty plea was involuntary because the trial court failed to advise him that he would not be eligible for parole.  (Doc. No. 3 at 9.)  He asks the Court to grant him a new plea and sentencing hearing, and to declare Act 1805 unconstitutional.  (Doc. No. 3 at 9.)

## II.   ANALYSIS

### A.   Statute of Limitations

Respondent argues that Mr. Wise's Petition is barred by the statute of limitations. (Doc. No. 6 at 3.)  Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

The relevant triggering date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations period is subject to tolling under 28 U.S.C. § 2244(d)(2) by a properly filed application for state post-conviction relief while it is pending. *Id.* A state petition or application will be considered "properly filed" if it complies with the respective state's " 'conditions to filing' such as 'the time limits upon its delivery.' " *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

After carefully reviewing the record, the Court finds that the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). So his conviction was final on November 29, 2007. Respondent

correctly points out that Mr. Wise had no right to direct review. And his post-conviction pleadings were not properly filed before the state court to allow for any tolling of the limitations period. Thus, Wise had until November 29, 2008, to file his federal habeas petition. The instant Petition filed on September 7, 2012, was nearly five years late.

There is no indication in the record that Wise diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Thus, Mr. Wise is not entitled to equitable tolling in this case.

### B.     Procedural Default

Respondent additionally argues that the Petition is procedurally defaulted. (Doc. No. 6 at 6-7.) The Court also agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Here, Mr. Wise failed to properly raise his claims in state court. He asked the circuit

court to order the State to "calculate his time in accordance with his guilty plea agreement, declare [A]ct 1805 application to him unconstitutional and a[n] unfair denial of the full notice requirement." (Doc. No. 6-6 at 4.)  The circuit court concluded that Mr. Wise was not entitled to relief.  (Doc. No 6-6 at 54.)  The Arkansas Supreme Court affirmed, adding that Mr. Wise should have brought his claims through a Rule 37 petition, not a declaratory judgement petition.  (Doc. No. 6-10 at 3.)

While Mr. Wise asserts his claims are not procedurally defaulted (Doc. No. 3 at 7-8), the record shows otherwise.  (Doc. No. 6-10 at 3.)  Neither the circuit courts nor the Arkansas Supreme Court issued any rulings on the substance of Mr. Wise's claims.  His claims are, therefore, procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, (2) or that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).  Petitioner fails to show cause for his default so the inquiry ends here and his Petition should be dismissed as procedurally barred.

After careful review of the record and the briefs, the Court concludes that Mr. Wise's claims are procedurally defaulted and time barred.  Accordingly, his Petition for Writ of

Habeas Corpus should be dismissed.

## III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."  *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred and procedurally defaulted.  Therefore, no certificate of appealability should be issued.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.      A certificate of appealability should not be issued.

DATED this <u>27th</u> day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

7